IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Edward Hardin, #275030, ) | C/A No.: 3:12-3186-MGL-JRM |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Leroy Cartledge, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner James Edward Hardin is an inmate subject to federal and state sentences. Petitioner is currently serving his state sentence at McCormick Correctional Institution, and submits this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to the provisions of 28 U.S.C. §636(b) and Local Civil Rule 73.02(B)(2) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends the district judge dismiss the petition in this case without prejudice and without issuance and service of process.

**Factual Background**

On January 29, 2001, Petitioner was sentenced to a term of 125 months imprisonment by this Court for armed robbery and firearm offenses. ECF No. 1, pages 2–3. At that time, state charges were pending against Petitioner, however, the Court did not specify whether the federal sentence would run concurrently or consecutively to the anticipated state sentence. Entry No. 1-1, page 1. Petitioner "recently discovered that [the] 125 month federal sentence would be consecutive to his state sentence thru SCDC Classification." *Id.* Thus, Petitioner files the instant § 2241 petition asserting that his 125 month federal sentence has expired. ECF No. 1 at 8; ECF No. 1-1 at 2.

Petitioner asks this Court to allow him credit toward his federal sentence for time served in state custody. ECF No. 1 at 9.

Petitioner's pleadings include an order, issued in his federal criminal case, which denied relief under 28 U.S.C. § 2255. ECF No. 1-1 at 3. The order indicates that Petitioner did not file a direct appeal of his federal conviction/sentence, but did file a motion to vacate his sentence under § 2255 on July 12, 2012. *Id.* at 4. The Court denied Petitioner's § 2255 motion on August 6, 2012, because it was untimely filed. *Id.* at 6. Petitioner then filed a motion to reconsider the order denying § 2255 relief, which the Court denied on September 10, 2012.[1] *See United States v. James Edward Hardin*, Criminal Action No. 7:00-314-GRA (D.S.C. Sept. 10, 2012). The order denying Petitioner's motion for reconsideration holds that, even if Petitioner's § 2255 petition had been timely filed, he would not have been entitled to relief, because Petitioner failed to exhaust his administrative remedies. *Id.* at ECF No. 103, page 4. The order further states, "[o]nce Petitioner has exhausted his administrative remedies, he may then file a habeas petition challenging the Bureau of Prison's designation pursuant to 28 U.S.C. § 2241." *Id.* at 5.

In the instant § 2241 petition, Petitioner failed to indicate what, if any, steps had been taken to administratively exhaust his claims. ECF No. 1 at 5–6. Therefore, the undersigned issued an order directing Petitioner to answer questions in the § 2241 petition regarding exhaustion of administrative remedies. ECF No. 6. Petitioner's answers indicate that he has not yet requested a *nunc pro tunc*[2] designation for the federal sentence from the Bureau of Prisons (BOP). ECF No. 1-3,

---

[1] A district court may take judicial notice of materials in the court's own files from prior proceedings. *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992); *Fletcher v. Bryan*, 175 F.2d 716 (4th Cir. 1949).

[2] A *nunc pro tunc* designation by the BOP would give Petitioner credit toward his federal
(continued...)

pages 5–6.  Petitioner has allegedly been advised that he needs an "authorization form" to grieve the issue with the BOP.  *Id.* at 6.  However, because he is in state custody, Petitioner claims that he "does not have access to correspondence administration," therefore, he brings the issue under § 2241.  *Id.*

## **Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of this petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court,[3] the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes.  *Pro se* complaints are held to a less stringent standard than those drafted by attorneys.  *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true.  *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975).  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so.  Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the

---

[2](...continued)
sentence for the time that he has served in state prison. *See Setser v. United States*, 132 S. Ct. 1463, 1467–68 n. 1 (2012)("[W]hen a person subject to a federal sentence is serving a state sentence, the Bureau may designate the state prison as the place of imprisonment for the federal sentence - effectively making the two sentences concurrent - or decline to do so - effectively making them consecutive.").

[3] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241.  *See* Rule 1(b).

pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## Discussion

Petitioner appears to challenge the calculation of his federal sentence under § 2241. Although § 2241 does not contain a statutory exhaustion requirement, courts consistently require prisoners to exhaust their administrative remedies prior to seeking habeas review under § 2241. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490–91(1973) (requiring exhaustion in 28 U.S.C. § 2241 matter); *Timms v. Johns*, 627 F.3d 525, 531 (4th Cir. 2010) (noting courts require "exhaustion of alternative remedies before a prisoner can seek federal habeas relief")(internal quotation marks omitted). This requirement of exhaustion is largely unavoidable, *Ex parte Hawk*, 321 U.S. 114, 117 (1944), and allows prison officials to develop a factual record and "an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Jones v. Bock*, 549 U.S. 199, 204 (2007). As indicated above, Petitioner failed to exhaust his administrative remedies prior to filing his motion to vacate the federal sentence under § 2255. The instant petition alleges that Petitioner is filing under § 2241 because he is in state custody and "does not have access to" the BOP grievance system. ECF No. 1-3 at 6. However, Petitioner provides no facts to support that conclusory allegation, and fails to demonstrate that he has in any way attempted to contact the BOP or administratively exhaust the claims raised in the instant § 2241 petition. *See White v. White*, 886 F.2d 721, 723 (4th Cir. 1989)(dismissal appropriate where a plaintiff's complaint failed to contain any factual allegations to support his bare assertion). Therefore, Petitioner's § 2241 challenge regarding the calculation of his federal sentence is subject to summary dismissal for lack of exhaustion.

In addition, to the extent Petitioner seeks to challenge his federal conviction and sentence under § 2241, this case is also subject to summary dismissal. "[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010)(citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc)). "However, § 2241 may be utilized by a federal prisoner to challenge the legality of his or her conviction or sentence if he or she can satisfy the mandates of the so-called § 2255 'savings clause.'"[4] *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001); *see also Ennis v. Olsen*, No. 00-7361, 2000 WL 1868982 at *1 (4th Cir. Dec. 22, 2000). In other words, as applied here, Petitioner's § 2241 action is barred unless he can demonstrate that the relief available to him under § 2255 is inadequate or ineffective. It is noted that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." *See In Re Vial*, 115 F.3d at 1194 n.5 (citations omitted).

To trigger the "savings clause" of § 2255(e) and now proceed under § 2241, Petitioner would have to show that something more should be considered by the court than that authorized by § 2255, such as a retroactive change in the law as contemplated in *In re Jones*, 226 F.3d 328 (4th Cir. 2000). In *Jones*, the Fourth Circuit held that a petitioner must show that:

> "(1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of

---

[4] "An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

>
> which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law."

*Jones*, 226 F.3d at 333–34.

Petitioner cannot satisfy all the elements of this test. Specifically, the second element of the test requires that "substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal." The petition provides no evidence that the conduct for which Petitioner was convicted has been deemed non-criminal by any substantive law change. Fourth Circuit precedent has not extended "the reach of the savings clause to those petitioners challenging only their sentence." *United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008)(citing *In Re Jones*, 226 F.3d at 333–34); *see also United States v. Pettiford*, 612 F.3d 270, 284 (4th Cir. 2010). As Petitioner's claims are insufficient to invoke the savings clause embodied in § 2255, he is barred from challenging his federal conviction and sentence under § 2241.

### Recommendation

Accordingly, it is recommended that the petition in the above-captioned case be dismissed without prejudice.

IT IS SO RECOMMENDED.

January 22, 2013                                      Joseph R. McCrorey
Columbia, South Carolina                       United States Magistrate Judge

***Petitioner's attention is directed to the important notice on the next page.***

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).