IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| James Edward Hardin,   #275030, ) | Civil Action No.: 3:12-3186-MGL |
| ) | |
| Petitioner, ) | |
| ) | AMENDED |
| v.                                   ) | **OPINION AND ORDER** |
| ) | |
| Leroy Cartledge, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Pro se Petitioner James Edward Hardin ("Petitioner"), an inmate subject to both federal and state sentences, is currently serving his state sentence at McCormick Correctional Institution in McCormick, South Carolina, and filed this habeas relief action pursuant to 28 U.S.C. § 2241. (ECF No. 1). In his Petition, Petitioner asserts that his 125 month federal sentence has expired, and that this Court allow him credit toward his federal sentence for time served in state custody. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pre-trial proceedings and a Report and Recommendation ("Report").

On January 24, 2013, Magistrate Judge McCrorey issued a Report and Recommendation recommending inter alia that the court dismiss Petitioner's petition without prejudice and without issuance and service of process because Petitioner failed to exhaust his administrative remedies. (ECF No. 12.) The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. (ECF No. 12 at 7.) Plaintiff has filed no objections and the time for doing so expired on February 11, 2013.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report and Recommendation only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After a careful review of the record, the applicable law, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation to be proper. Accordingly, the Report and Recommendation (ECF No. 12) is incorporated herein by reference and this action is DISMISSED without prejudice and without requiring respondent to file a return.

### Certificate of Appealability

The governing law provides that:

> (c) (2) A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c) (3) The certificate of appealability ... shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists

would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller–El v. Cockrell, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir.2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is DENIED.

    IT IS SO ORDERED.

/s/ Mary G. Lewis  
United States District Judge

Spartanburg, South Carolina  
February 28, 2013